UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-180
(3:05-cr-260)

| | |
|---|---|
| **SUDAMA LEROY GIBBONS** ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA** ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's pro se Motion to Vacate, pursuant to 28 U.S.C. § 2255, (Doc. No. 1); his pro se supplements, (Doc. Nos. 2, 8, 18); counsel's supplemental Motion, (Doc. No. 7); and the Government's Motion to Dismiss, (Doc. No. 22). This matter arose in the wake of Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010), and was stayed pending the resolution of Whiteside v. United States, 775 F.3d 180, 183 (4th Cir. 2014) (en banc). The time has expired for Petitioner to respond to the Government's Motion to Dismiss filed following Whiteside. For the reasons that follow, Petitioner's § 2255 motion, as supplemented, will be dismissed.

I.  BACKGROUND

On June 28, 2005, Petitioner was charged with being a felon-in-possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count One); possessing with intent to distribute cocaine and at least 50 grams of cocaine base, in violation of 21 U.S.C. § 841 (Count Two); and possessing a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count Three). (Case No. 3:05-cr-260, Doc. No. 1: Indictment). On November 1, 2005, the Government filed a notice pursuant to 21 U.S.C. § 851 seeking enhanced penalties

1

based on a North Carolina conviction for possessing cocaine with intent to sell or deliver. (Id., Doc. No. 12). On November 4, 2005, Petitioner pled guilty to each count of the Indictment without a plea agreement. (Id., Doc. No. 13: Acceptance and Entry of Guilty Plea).

The Presentence Report ("PSR") identified two North Carolina predicate convictions: second degree murder in 1993 punished by 15 years' imprisonment and possession with intent to sell and deliver cocaine in 2001 punished by 8 to 10 months' imprisonment. (Id., Doc. No. 31: PSR ¶¶ 34, 36). As a result, the career offender guideline under §4B1.1 of the U.S. Sentencing Guidelines Manual ("USSG") and a 20 year mandatory minimum for Count Two under 21 U.S.C. § 841(b)(1)(A) were triggered. (Id., Doc. No. 31: PSR ¶¶ 30, 59). At the sentencing hearing, the Court imposed a term of imprisonment at the low end of the advisory guidelines range of 120 months on Count One, 262 concurrent months on Count Two, and 60 consecutive months on Count Three. (Id., Doc. No. 17: Judgment at 1-2). Petitioner did not file a direct appeal of the Judgment entered November 3, 2006.

On March 12, 2012, Petitioner filed the instant § 2255 motion stating one ground for relief: that his 2001 drug trafficking conviction is longer considered a felony; therefore, his sentence was improperly enhanced under USSG §4B1.1 and 21 U.S.C. § 851. (Doc. No. 1 at 4). Petitioner asserts that his motion was timely under 28 U.S.C. § 2255(f)(2) and (3) because it was filed within one year of the United States Court of Appeals for the Fourth Circuit's decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc) which relied on the Supreme Court's decision in Carachuri-Rosendo.[1] (Id. at 12). Alternatively, Petitioner argues that he is

---

[1] Petitioner alleges no government action to justify late filing under § 2255(f)(2). He later filed a supplement contending Simmons is a new "fact" under (f)(4). (Doc. No. 2).

2

entitled to equitable tolling. (Id. at 16).

After the Fourth Circuit issued its en banc Simmons decision, this district began appointing counsel for defendants who might have a claim for relief. (Case No. 3:12-mc-92: Order). On July 12, 2013, counsel filed a Supplemental § 2255 Motion echoing Petitioner's arguments and adding claims for relief pursuant to 28 U.S.C. § 2241 and through petitions pursuant to the All Writs Act, 28 U.S.C. § 1651. (Doc. No. 7). This case was stayed pending developments in the Simmons line of cases. (Doc. No. 16). After the Fourth Circuit filed its en banc opinion in Whiteside v. United States, 775 F.3d 180 (4th Cir. 2014), the Government filed a Motion to Dismiss contending that Petitioner's § 2255 motion to vacate, as supplemented, should be dismissed as untimely and should not be saved by equitable tolling. (Doc. No. 22). Petitioner had the opportunity to respond and the matter is now ripe for disposition.

II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter, and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

III. DISCUSSION

A. Section 2255 Claim

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Under the AEDPA, there is a one-year statute of limitations for filing a motion for

3

collateral relief. Section 2255(f) provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Petitioner's Judgment became final on or about November 16, 2006, after his time to file a direct appeal expired. See Fed. R. App. P. 4(b)(1)(A) (applying pre-2009 ten day limit to appeal); and Clay v. United States, 537 U.S. 522, 525 (2003) (judgment becomes final when time to seek review expires). As detailed above, Petitioner pro se contends that this action is timely under § 2255(f)(3) because it was filed within one year of the en banc Simmons decision reached in light of Carachuri-Rosendo. The Government relies on Whiteside to assert a statute of limitations defense against Petitioner's claims about his sentencing enhancements. (Doc. No. 22: Motion to Dismiss at 3-4).[2]

Petitioner's argument fails, first and foremost, because the one-year time limitation

---

[2] Thus, this case is markedly different from Miller v. United States, 735 F.3d 141, 143 (4th Cir. 2013), where the Fourth Circuit applied Simmons retroactively to a felon-in-possession of a firearm conviction after the Government waived the statute of limitations.

would run under (f)(3) from the date the Supreme Court filed its decision, June 14, 2010, and the instant motion was not filed until March 12, 2012. Second, even if the motion had been timely on that basis, the claim would still fail because Carachuri-Rosendo is not retroactive to cases on collateral review. United States v. Powell, 691 F.3d 554, 559-60 (4th Cir. 2012). Finally, Simmons is not a Supreme Court decision recognizing a new right. See Whiteside, 775 F.3d at 184 (noting petitioner "did not even attempt" to ground timeliness of Simmons claim on (f)(3)). Therefore, § 2255(f)(3) is inapplicable.

The Fourth Circuit's en banc decision in Whiteside makes it clear that Petitioner's § 2255 motion, as supplemented, is likewise untimely under (f)(4) and cannot be saved by equitable tolling. In that case, as in this one, the § 2255 motion challenging a career offender predicate was filed years after the Judgment became final and nothing prevented Petitioner from filing within the statute of limitations, which the Government asserts as a defense in this case. Whiteside, 775 F.3d at 183-187 (noting that Simmons does not represent a "fact" under § 2255(f)(4); rejecting equitable tolling and noting many defendants raised challenges prior to Simmons "asserting the exact same substantive claim . . . including [Jason] Simmons himself") (collecting cases).[3]

    B.    Alternative Claims

        1.    Section 2241

The savings clause in § 2255(e) provides a petitioner the opportunity to pursue habeas relief under § 2241 if it appears that the remedy allowed in a § 2255 proceeding is inadequate or

---

[3] Simmons, who was sentenced in this district, unsuccessfully raised this type of claim on April 23, 2008, prior to sentencing. (Case No. 1:07-cr-77, Doc. No. 33 at 4-6).

ineffective to test the legality of the person's conviction.[4] However, § 2241 may not be used to assert innocence of a sentencing factor. Farrow v. Revell, 541 F. App'x 327 (4th Cir. 2013) (rejecting Simmons claim attacking Armed Career Criminal designation)(citing United States v. Poole, 531 F.3d 263, 267 (4th Cir. 2008); Bryant v. Warden, 738 F.3d 1253, 1280 (11th Cir. 2013) (recognizing Fourth Circuit's § 2241 limitation to decriminalized conduct and not reaching sentencing issues, citing Poole). Therefore, Petitioner is not entitled to relief under § 2241.

2. Writ of Coram Nobis

"Coram nobis is an extraordinary remedy that has traditionally been used to attack [federal] convictions with continuing consequences when the petitioner is no longer in custody for purposes of 28 U.S.C. § 2255." United States v. Howze, 521 F. App'x 164 (4th Cir. 2013) (quoting United States v. Rhines, 640 F.3d 69, 71 (3d Cir. 2011)) (rejecting Simmons claim) (internal quotation marks omitted). Here, Petitioner remains in custody; therefore, coram nobis is unavailable to him.

3. Writ of Audita Querela

Finally, Petitioner is not entitled to a writ of audita querela. "A writ of audita querela is not available to a petitioner when other avenues of relief are available, such as a motion to vacate under § 2255." In re Moore, 487 F. App'x 109, at *1 (4th Cir. 2012) (citing United States v. Torres, 282 F.3d 1241, 1245 (10th Cir. 2002). As detailed above, Petitioner could have challenged his sentence under § 2255. His failure to do so within statute of limitations does not

---

[4] A § 2241 petition can only be filed in the "district of confinement." United States v. Poole, 531 F.3d 263, 264, 273 (4th Cir. 2008) (citing Rumsfield v. Padilla, 542 U.S. 426, 447 (2004)). The Government, however, has not asserted venue as a defense to this claim. Therefore, the Court will consider its merits.

warrant extraordinary relief. See United States v. Valdez-Pacheco, 237 F.3d 1077, 1080 (9th Cir. 2001) ("A prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the post-conviction remedies that must be filled by the common law writs.").

IV. CONCLUSION

For the reasons discussed herein, the Court finds that Petitioner's § 2255 motion, as supplemented, must be dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. Respondent's Motion to Dismiss, (Doc. No. 22), is **GRANTED**;

2. Respondent's Motion for Extension of Time, (Doc. No. 23), is **GRANTED**;

3. Petitioner's Motions to Appoint Counsel, (Doc. Nos. 3, 4), are **DISMISSED** as moot; and

4. Petitioner's § 2255 Motion to Vacate, as supplemented, (Doc. Nos. 1, 2, 7, 8, 18), is **DENIED and DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of

the denial of a constitutional right).

The Clerk is directed to close this case.

**IT IS SO ORDERED.**

Signed: March 30, 2015

Robert J. Conrad, Jr.
United States District Judge