UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-180-RJC
(3:05-260-RJC-1)

| | |
|---|---|
| SUDAMA LEROY GIBBONS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on Petitioner's "Motion for Relief from Judgment or Order Under Rule 60(b)(6)." (Doc. No. 28).

## I. BACKGROUND

Petitioner Sudama Gibbons filed a *pro se* motion to vacate pursuant to 28 U.S.C. § 2255 on March 16, 2012, (Doc. No. 1), arguing that he lacked the predicate convictions to support enhancements under 21 U.S.C. § 851 and United States Sentencing Guidelines § 4B1.1. Specifically, he argued that his prior North Carolina conviction for possession with intent to sell or deliver cocaine was only punishable by up to eight to 10 months' imprisonment, and therefore, did not support his enhanced sentence pursuant to Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010). He argued that the motion to vacate was timely filed within one year of the Fourth Circuit's opinion in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), pursuant to 28 U.S.C. § 2255(f)(2), (f)(3), and equitable tolling. He asked the Court to vacate his judgment and resentence him without the § 851 or § 4B1.1 enhancements. The Federal Defender appeared on Petitioner's behalf, adopted his *pro se* motion to vacate, and filed a supplemental memorandum arguing he

1

should be granted Simmons relief pursuant to § 2255, and alternatively, pursuant to 28 U.S.C. § 2241, 28 U.S.C. § 1651(a) *coram nobis*, or writ of *audita querela*. (Doc. No. 7). The Court granted the Government's motion to stay the action pending the Fourth Circuit's rehearing of Whiteside v. United States, 748 F.3d 541 (4th Cir. 2014), and lifted the stay when Whiteside was denied. The United States filed a Response arguing that the § 2255 motion to vacate was time-barred. (Doc. No. 22).

The Court denied the § 2255 motion to vacate on March 30, 2015, because: the § 2255 motion to vacate is untimely and no exception applies; relief is unavailable pursuant to § 2241 because the savings clause does not apply to claims of actual innocence at sentencing; *coram nobis* does not apply because Petitioner is in custody; and *audita querela* does not apply because other remedies are available. (Doc. No. 24).

Counsel did not file a notice of appeal. However, Petitioner filed a *pro se* reply on April 22, 2015, and a supplemental reply on April 29, 2015, after the Clerk's judgment was entered. (Doc. Nos. 25, 26, 27).

Petitioner filed the instant *pro se* "Motion for Relief from Judgment or Order Under Rule 60(b)(6)" on June 8, 2017. (Doc. No. 28). He argues that counsel failed to file a reply addressing the § 851 Simmons claims or inform him when the § 2255 motion to vacate was dismissed. Petitioner found out about the dismissal after he filed his *pro se* replies more than a month after the fact. Petitioner tried to contact his attorney and a secretary told him that an appeal would be filed, however, this was never done and Petitioner was essentially abandoned by counsel. Petitioner asks the Court to relieve him of the judgment dismissing his § 2255 motion to vacate and order the United States to respond to the timeliness and merits of his § 851 Simmons claims. He argues that his Rule 60(b)(6) motion was timely filed within 60 days after the Middle District

of North Carolina issued its opinion in Core v. United States, 2017 WL 1608714 (M.D.N.C. April 28, 2017), in which the Government conceded, and the Middle District granted, a motion to vacate raising the same § 851 Simmons claim as Petitioner. He argues that the outcome of his § 2255 proceeding would have different but for counsel's gross negligence, and that the Government's recent concessions of error and Middle District's Core decision are changed circumstances that warrant relief from judgment.

## II.   LEGAL STANDARDS

Rule 60 provides permits a court to correct orders and provide relief from judgment under the following circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A Rule 60(b) motion must be made within a "reasonable time," and for reasons (1) through (3), "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). The party moving for relief from judgment under Rule 60(b) bears the burden of showing timeliness. Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC, 859 F.3d 295 (4th Cir. 2017).

Rule 60(b) is an "extraordinary remedy" which sets aside "the sanctity of [a] final judgment." Compton v. Alton Steamship Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979) (citation and

3

internal quotation marks omitted). A movant must show that he has moved in a timely fashion, that he has a meritorious defense to the judgment, that the opposing party would not be unfairly prejudiced by a set aside, and show exceptional circumstances. See Aikens v. Ingram, 652 F.3d 496, 501 (4th Cir. 2011); Werner v. Carbo, 731 F.2d 204, 206-07 (4th Cir. 1984) (citing Compton, 608 F.2d at 102). If a movant satisfies these three requirements, then he must show that his motion falls under one of the six grounds set forth in Rule 60(b). Werner, 731 F.2d at 207. Relief from judgment under Rule 60(b)(6) should be granted only upon a showing that relief is "appropriate to accomplish justice" in "situations involving extraordinary circumstances." Dowell v. State Farm Fire Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir.1993) (internal quotation marks and citation omitted). A change in decisional law subsequent to a final judgment provides no basis for relief under Rule 60(b)(6). Id.

Where a petitioner seeks relief from a judgment under Rule 60(b) on grounds other than a clerical mistake, courts must treat such a motion as seeking successive post-conviction relief when failing to do so would allow the applicant to evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application. United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003) (requiring district courts to review Rule 60(b) motions to determine whether such motions are tantamount to a § 2255 motion); 28 U.S.C. § 2244(b)(3)(A) ("[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

As a general matter, "a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider." Winestock,

340 F.3d at 207; see also Gonzalez v. Crosby, 545 U.S. 524, 531-33 (2005) (concluding that a Rule 60(b) motion for relief from judgment that directly challenges the underlying conviction constitutes a successive § 2254 petition). "When [a] motion presents claims subject to the requirements for successive applications as well as claims cognizable under Rule 60(b), the district court should afford the applicant an opportunity to elect between deleting the improper claims or having the entire motion treated as a successive application." Winestock, 340 F.3d at 207.

**III.   DISCUSSION**

Petitioner appears to argue that Rule 60(b) relief is warranted because: (1) post-conviction counsel was negligent; (2) the Court never considered the timeliness and merit of his § 851 Simmons claim; (3) the Government has recently conceded error in cases similar to Petitioner's; and (4) the Middle District of North Carolina has granted relief in a similar case.

This is a "mixed" Rule 60(b)/§ 2255 motion that alleges procedural error and attacks the underlying conviction and sentence. See United States v. McRae, 793 F.3d 392 (4th Cir. 2015). Courts generally afford a petitioner the opportunity to either abandon his successive § 2255 claims and proceed with the Rule 60(b) motion, or proceed with the motion and have it dismissed as an unauthorized successive § 2255 motion to vacate. See McRae, 793 F.3d at 392; Winestock, 340 F.3d at 207. Ordering Petitioner to elect between these alternatives would be futile in the instant case because, even if Petitioner chose to abandon his successive § 2255 claims, his Rule 60(b) motion would be denied as time-barred. See generally United States v. Walton, 587 Fed. Appx. 83 (4th Cir. 2014) (affirming the portion of the district court's order denying petitioner's motion for relief under Rules 36 and 60(a), and dismissing the portion of the order dismissing petitioner's motion as an unauthorized successive § 2255).

Petitioner's arguments that § 2255 counsel was negligent, that there has been a subsequent

5

change in substantive law that has resulted in Government concessions in recent cases, and that the Simmons claim is timely and meritorious are, in substance, successive § 2255 claims because they attack his criminal sentence. See Gonzalez v. Crosby, 545 U.S. 524, 531 (2005). Petitioner does not allege that he has obtained leave from the Fourth Circuit to file a successive § 2255 motion to vacate. To the extent Petitioner attacks the legality of his sentence, therefore, the present motion is construed as an unauthorized second or successive § 2255 motion to vacate over which the Court lacks jurisdiction. Id.

Petitioner's arguments that counsel failed to file a notice of appeal and that the Court did not consider his § 851 Simmons claim on § 2255 review are the types of procedural errors that may be brought under Rule 60(b). However, the Rule 60(b) motion is time-barred.

First, Petitioner seeks Rule 60(b) relief based on counsel's negligence and abandonment. Petitioner filed the instant motion well outside the one-year limit applicable to claims of excusable neglect under Rule 60(b)(1).[1] Moreover, any suggestion that counsel's alleged abandonment harmed or delayed Petitioner is belied by the record. Petitioner states in his Rule 60(b) motion that he learned that counsel failed to file a notice of appeal after he filed his *pro se* reply and supplemental in April and May, 2015. He waited more than two years to file the instant Rule 60(b) motion and fails to explain his delay.

Second, Petitioner seeks Rule 60(b) relief based on the Government's concession of error and the Middle District of North Carolina's grant of relief in Core, issued on April 28, 2017. A motion seeking relief under Rule 60(b)(6)'s catch-all provision must be filed within a "reasonable time." Petitioner's reliance on the Middle District's Core case is unavailing because it is not

---

[1] Petitioner does not cite Rule 60(b)(1) in his motion, however, his *pro se* pleading is entitled to liberal construction. See Haines v. Kerner, 404 U.S. 519 (1972).

binding on this Court, and further, a change in decisional law subsequent to a final judgment provides no basis for relief under Rule 60(b)(6). See Dowell, 993 F.2d at 48.

Petitioner has far exceeded the one-year period to bring a claim of excusable neglect pursuant to Rule 60(b)(1), or under the catch-all provision of Rule 60(b)(6), and therefore, even if Petitioner abandoned his successive § 2255 claims, his Rule 60(b) motion would be denied as time-barred.

### IV. CONCLUSION

For the reasons stated herein, Petitioner's motion for Rule 60(b) relief is denied in part as time-barred, and is construed in part as an unauthorized successive § 2255 motion to vacate that is dismissed for lack of jurisdiction.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's "Motion for Relief from Judgment or Order Under Rule 60(b)(6)," (Doc. No. 28), is **DENIED** in part as time-barred, and is **DISMISSED** in part for lack of jurisdiction as an unauthorized successive § 2255 motion to vacate.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right); see also McRae, 793 F.3d at 398 ("the

COA requirement in § 2253(c) allows us to review, without first issuing a COA, an order dismissing a Rule 60(b) motion as an improper successive habeas petition."); United States v. Ethridge, 664 Fed. Appx. 304 (4th Cir. 2016) (a defendant is required to obtain a COA to appeal the denial of a Rule 60(b) motion that is not recharacterized as a § 2255 motion to vacate).

    Signed: September 18, 2017

_____
Robert J. Conrad, Jr.
United States District Judge